Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50373 | **DATE** | 8/27/2002 |
| **CASE TITLE** | Edwards vs. Rosewood Care Center | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for denial of an award of attorney's fees to plaintiff; plaintiff's motion for an award of attorney's fees

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for denial of an award of attorney's fees to plaintiff is granted and plaintiff's motion for an award of attorney's fees is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✗ | Notices mailed by judge's staff. | | AUG 27 2002 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT CLERK | date docketed | 40 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 02 AUG 27 AM 11:35 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8-27-02 | |
| | | FILED | date mailed notice | |
| /LC6 | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On July 25, 2002, a jury found plaintiff's disability was a motivating factor in defendant's decision to terminate her, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Crucially, however, it accepted defendant's "mixed motive" defense and awarded plaintiff no damages by finding that defendant would have terminated her anyway, regardless of her disability, because of other reasons adduced at trial. See 42 U.S.C. § 2000e-5(g)(2)(B); 42 U.S.C. § 12117(a) (incorporating "powers, remedies, and procedures of" § 2000e-5 into ADA). The parties have since filed opposing motions and briefs on the issue of granting plaintiff an award of statutory attorney's fees.

There is no real dispute, as defendant concedes, that this court has the discretion to award attorney's fees based on a "mixed motive" verdict. See 42 U.S.C. § 2000e-5(g)(2)(B)(i) (in mixed motive case, court "may" grant attorney's fees); Akrabawi v. Carnes Co., 152 F.3d 688, 695-96 (7th Cir. 1998) (adopting reasoning of Sheppard v. Riverview Nursing Center, Inc., 88 F.3d 1332, 1335 (4th Cir.), cert. denied, 519 U.S. 993 (1996), that granting of fees in a mixed motive case is discretionary with the court). Thus, the only question is whether the court should award plaintiff her attorney's fees in this case (and, if so, the amount of such fees).

To answer this question the court must consider "the relationship between the fees and the degree of plaintiff's success." Akrabawi, 152 F.3d at 696 (quoting Sheppard, 88 F.3d at 1336). Informing this inquiry are a variety of factors to be applied to the particular circumstances of the case at hand. The first factor is why injunctive relief was or was not granted, or the extent and nature of any declaratory relief. See id. This factor is simply a non-issue in this case because plaintiff did not request any such equitable relief. The next factor is "whether the public purposes served by resolving the dispute justifies the recovery of fees." Id. In this court's opinion, any public purpose served by the present law suit was minimal at best. While the jury verdict established defendant violated the ADA by factoring plaintiff's disability into its decision to terminate her, the case was limited to a single, isolated instance of discrimination against a single employee. In other words, this was not a case involving a company-wide policy of discrimination or a series of discriminatory actions taken against multiple employees over a period of time, where the public purpose of the case would arguably be much greater. See Canup v. Chipman-Union, Inc., 123 F.3d 1440, 1444 n.5 (11th Cir. 1997). Because of its relatively small scope, it is hard to see how this case accomplished any public goal "other than occupying the time and energy of counsel, court, and client." Sheppard, 88 F.3d at 1336 (quoting Farrar v. Hobby, 506 U.S. 103, 121-22 (1992) (O'Connor, J., concurring)).

Perhaps the most important factor in deciding whether to award attorney's fees in a mixed motive case is whether there is "evidence of a widespread or intolerable animus on the part of a defendant" or, conversely, whether "plaintiff's unacceptable conduct... justified the action taken by the defendant." Akrabawi, 152 F.3d at 696 (quoting Sheppard, 88 F.3d at 1336). That is, attorney's fees are appropriate to the "extent to which a plaintiff succeeds in showing that an employer's discrimination, and not the employee's own misconduct, drove the employment decision." Id. (quoting Sheppard, 88 F.3d at 1339). This factor weighs heavily against an award of attorney's fees in this case.

To begin with, plaintiff's evidence that her disability played a motivating factor in her termination was itself rather limited. It was, in fact, limited almost exclusively to plaintiff's own testimony about a note from her doctor she supposedly presented to her supervisor and a meeting that took place regarding that note the same day she was fired. There was certainly no evidence of "widespread or intolerable animus," Sheppard, 88 F.3d at 1336, or "invidious discrimination," Akrabawi, 152 F.3d at 696, against plaintiff throughout the remainder of her employment with defendant. Specifically, plaintiff presented no evidence that defendant ever used her disability against her in any way or ever refused to provide an accommodation for her disability before she was fired. (In fact, there was no evidence that plaintiff ever even requested such an accommodation before her termination.) In contrast, defendant presented ample evidence of plaintiff's prior misconduct warranting her termination. Certainly the most serious was the testimony at trial that plaintiff left the nursing home one night on several occasions while on duty without clocking out and gave the keys to the narcotics room to an unauthorized employee. Not only were these actions a threat to patient care and an abdication of plaintiff's duties as the nurse in charge for that night, but they also potentially violated state law and regulations. This episode precipitated plaintiff's discharge a day later. Furthermore, plaintiff had a long history of "no shows," some of which were unexcused. Needless to say, plaintiff is by no means an "innocent employee whose conduct played no role in [her] termination," as in a reduction-in-force case. Canup, 123 F.3d at 1444. Based on this court's own view of the evidence as presented at trial, it finds this is instead another "prime example of a situation in which the evidence of invidious discrimination is minimal and the evidence of employee misconduct is serious." Akrabawi, 152 F.3d at 696. For that reason, as well as the factors discussed above, the court in its discretion declines to award plaintiff her attorney's fees in this case.[1]

For the reasons stated above, plaintiff's motion for an award of attorney's fees is denied, and defendant's motion for denial of an award of attorney's fees to plaintiff is granted.

---

[1] On a final note, the court considered the possibility of granting a partial award of attorney's fees. See, e.g., Garcia v. City of Houston, 201 F.3d 672, 679 (5th Cir. 2000) (fee award reduced by one-fourth in mixed motive case); Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1085 (10th Cir. 1998) (fee award reduced by one-half in mixed motive case). The reason the court arguably could do so is that it believes John Lease's (a defense witness) explanation of plaintiff returning for an exit interview was rather incredible. But in light of the analysis above, the court does not believe this one fact by itself justifies an award of attorney's fees, even a partially reduced one.